# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| G.J., as Mother and Next Friend of K.B., a Minor, | ) ) ) |
| Plaintiff, | ) ) ) **JURY TRIAL DEMANDED** |
| v. | ) ) Case No.: |
| KANSAS CITY KANSAS UNIFIED SCHOOL DISTRICT 500, Serve: Anna Stubblefield, Superintendent 2010 N. 59th Street Kansas City, KS 66104 | ) ) ) ) ) ) ) |
| and | ) ) |
| TRAVIS HELM, Principal Serve at: 3600 Springfield Street Kansas City, KS 66103 | ) ) ) ) ) |
| and | ) ) |
| LORRAINE WILLIAMS, Assistant Principal Serve at: 3600 Springfield Street Kansas City, KS 66103 | ) ) ) ) ) |
| and | ) ) |
| ANTONIO DROGE, Serve at: 1312 S 55th Street Kansas City, KS 66106 | ) ) ) ) ) |
| and | ) ) |
| DARRELL THOMAS, School Resource Officer Serve at: 3600 Springfield Street Kansas City, KS 66103 | ) ) ) ) ) |
| and | ) |

| | |
|---|---|
| DR. JAKYTA LAWRIE, Executive Director<br>Of Special Education<br>Serve at:<br>2010 N. 59th Street<br>Kansas City, KS 66104<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

COMES NOW Plaintiff K.B., by and through his next friend, G.J. and through undersigned attorneys, states and alleges the following in support of his Complaint against above-named Defendants:

## PLAINTIFFS

1. Plaintiff K.B. is a minor and resident of Kansas.

2. Plaintiff K.B., a minor male student, attended sixth grade at Rosedale Middle School in the Kansas City Kansas Unified School District 500, at the time he was injured as alleged herein.

3. Plaintiff G.J. is the natural mother, guardian, and next friend of K.B.

4. G.J. is, and at all times relevant to the allegations herein was, an adult resident of Kansas.

5. As such, she is an appropriate party to be appointed by the Court as Next Friend of K.B. for the purposes of pursuing the following causes of action against the above-named Defendants.

6. The anonymity of K.B. and G.J. is necessary to protect the identity of minor Plaintiff K.B., particularly in light of the sensitive nature of the allegations set forth herein. Plaintiff has filed a Motion to Use Pseudonyms along with the filing of this Complaint. Plaintiff's

anonymity in the pleadings will not prejudice Defendants in any way. However, Plaintiff is agreeable to disclosing identities subject to appropriate protective orders and/or as the Court may otherwise direct.

### DEFENDANTS

*Kansas City Kansas Unified School District 500*

7. Defendant Kansas City Kansas Unified School District 500 ("School District") is a public school district existing in and organized under the laws and regulations of the State of Kansas. Service may be had by serving the superintendent at the address included above.

8. Defendant School District is an accredited school district in Kansas, with its Administrative Center located at 3600 Springfield Street, Kansas City, Kansas 66103.

9. Defendant School District owns and operates Rosedale Middle School now, and during the time that Plaintiff K.B. was a student there.

10. At all times relevant hereto, Defendant School District was acting by and through its agents, servants, and/or employees, actual or ostensible, including, but not limited to Defendants Travis Helm, Lorraine Williams, Antonio Droge, Darrell Thomas, and Jakyta Lawrie, each of whom were acting individually and within the course and scope of their employment with the School District. Defendant School District is liable for their actions or inactions described herein under the principles of vicarious liability and/or respondeat superior, and under the laws of the state of Kansas.

*Travis Helm*

11. Upon information and belief, Defendant Travis Helm ("Helm") is a Kansas resident.

3

12. At all times relevant to this Complaint, he was employed by Defendant School District as Principal for Rosedale Middle School. He acted both individually and within the course and scope of his employment and/or agency with Defendant School District.

13. Defendant School District is liable for Mr. Helm's actions and inactions described herein under the principles of vicarious liability and/or respondent superior and the laws of Kansas.

14. Plaintiff alleges that Mr. Helm performed, participated in, aided and/or abetted in some manner the acts averred in this Complaint, including but not limited to by failing to appropriately and effectively address and remedy sex discrimination and sexual harassment within the School District about which he knew or should have known, thereby proximately causing the damages to Plaintiff averred below, and tolerating a school environment where male students are subjected to a pattern of ongoing severe, pervasive, and objectively offensive sexual harassment, and as such Defendant Helm is liable to Plaintiff for the damages and other relief sought.

15. The nature and extent of Mr. Helm's knowledge, involvement, and participation is expected to be more fully discovered and exposed, with evidentiary support, after a reasonable opportunity for further investigation and discovery.

### *Lorraine Williams*

16. Upon information and belief, Defendant Lorraine Williams ("Williams") is a Kansas resident.

17. Upon information and belief, and at all times relevant to this Complaint, she was employed by Defendant School District as Assistant Principal for Rosedale Middle School. She acted both individually and within the course and scope of her employment and/or agency with Defendant School District.

18. Defendant School District is liable for Ms. Williams' actions and inactions described herein under the principles of vicarious liability and/or respondent superior and the laws of Kansas.

19. Plaintiff alleges that Ms. Williams performed, participated in, aided and/or abetted in some manner the acts averred in this Complaint, including but not limited to by failing to appropriately and effectively address and remedy sex discrimination and sexual harassment within the School District about which she knew or should have known, thereby proximately causing the damages to Plaintiff averred below, and tolerating a school environment where male students are subjected to a pattern of ongoing severe, pervasive, and objectively offensive sexual harassment, and as such Defendant Williams is liable to Plaintiff for the damages and other relief sought.

20. The nature and extent of Ms. Williams' knowledge, involvement, and participation is expected to be more fully discovered and exposed, with evidentiary support, after a reasonable opportunity for further investigation and discovery.

### *Antonio Droge*

21. Upon information and belief, Defendant Antonio Droge ("Droge") is a Kansas resident.

22. At all times relevant to this Complaint, he was employed by Defendant School District as a teacher. He acted both individually and within the course and scope of his employment and/or agency with Defendant School District.

23. Defendant School District is liable for Mr. Droge's actions and inactions described herein under the principles of vicarious liability and/or respondent superior and the laws of Kansas.

24. Plaintiff alleges that Mr. Droge performed, participated in, aided and/or abetted in some manner the acts averred in this Complaint, including but not limited to by failing to

appropriately and effectively address and remedy sex discrimination and sexual harassment within the School District about which he knew or should have known, thereby proximately causing the damages to Plaintiff averred below, and tolerating a school environment where male students are subjected to a pattern of ongoing severe, pervasive, and objectively offensive sexual harassment, and as such Defendant Droge is liable to Plaintiff for the damages and other relief sought.

25. The nature and extent of Mr. Droge's knowledge, involvement, and participation is expected to be more fully discovered and exposed, with evidentiary support, after a reasonable opportunity for further investigation and discovery.

### *Darrell Thomas*

26. Upon information and belief, Defendant Darrell Thomas ("Thomas") is a Kansas resident.

27. At all times relevant to this Complaint, he was employed as a School Resource Officer for Rosedale Middle School. He acted both individually and within the course and scope of his employment and/or agency with Defendant School District.

28. Defendant School District is liable for Mr. Thomas' actions and inactions described herein under the principles of vicarious liability and/or respondent superior and the laws of Kansas.

29. Plaintiff alleges that Mr. Thomas performed, participated in, aided and/or abetted in some manner the acts averred in this Complaint, including but not limited to by failing to appropriately and effectively address and remedy sex discrimination and sexual harassment within the School District about which he knew or should have known, thereby proximately causing the damages to Plaintiff averred below, and tolerating a school environment where male students are subjected to a pattern of ongoing severe, pervasive, and objectively offensive sexual harassment, and as such Defendant Thomas is liable to Plaintiff for the damages and other relief sought.

30. The nature and extent of Mr. Thomas' knowledge, involvement, and participation is expected to be discovered and exposed, with evidentiary support, after a reasonable opportunity for further investigation and discovery.

### *Jakyta Lawrie*

31. Upon information and belief, Defendant Jakyta Lawrie ("Lawrie") is a Kansas resident.

32. At all times relevant to this Complaint, she was employed by Defendant School District as the Special Education Department Director. She acted both individually and within the course and scope of his employment and/or agency with Defendant School District.

33. Defendant School District is liable for Ms. Lawrie's actions and inactions described herein under the principles of vicarious liability and/or respondent superior and the laws of Kansas.

34. Plaintiff alleges that Ms. Lawrie performed, participated in, aided and/or abetted in some manner the acts averred in this Complaint, including but not limited to by failing to appropriately and effectively address and remedy sex discrimination and sexual harassment within the School District about which she knew or should have known, thereby proximately causing the damages to Plaintiff averred below, and tolerating a school environment where male students are subjected to a pattern of ongoing severe, pervasive, and objectively offensive sexual harassment, and as such Defendant Lawrie is liable to Plaintiff for the damages and other relief sought.

35. The nature and extent of Ms. Lawrie's knowledge, involvement, and participation is expected to be more fully discovered and exposed, with evidentiary support, after a reasonable opportunity for further investigation and discovery.

## JURISDICTION AND VENUE

36. Jurisdiction of this Court is proper under 28 U.S.C. § 1331 as Plaintiff asserts claims under 42 U.S.C. § 1983.

37. This Court has jurisdiction over the matter because Defendants' acts and omissions alleged herein occurred in Kansas City, Kansas.

38. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## FACT COMMON TO ALL COUNTS

39. K.B. was born in 2012. At the age of two years old, K.B. was diagnosed with the disability of autism at the Center for Child Health and Development at KU Medical Center.

40. K.B. has had an Individualized Education Plan (IEP) as a result of his disability.

41. Due to his disability, and since he began pre-kindergarten, K.B. has tended to elope from his parents and the classroom. K.B.'s tendency to elope is associated with disability and causes safety concerns due to his lack of risk awareness.

42. K.B.'s tendency to elope has been consistently addressed at parent-teacher conferences and other school meetings since K.B. began attending school.

43. While attending RMS, K.B. had an IEP in place and learned in a classroom specifically designed for the needs of autistic children.

44. K.B.'s tendency to elope was documented in the IEP in place for K.B. while attending RMS.

45. Shortly before the 2023-2024 school year began, K.B.'s parents, G.J. and A.B., met with K.B.'s teacher, Defendant Antonio Droge ("Droge"), and discussed K.B.'s tendency to elope from the classroom and the importance of keeping K.B. safe.

46. On November 2, 2023, at about 5 p.m., Assistant Principal Lorraine Williams ("Williams,") RMS Officer Darrell Thomas ("Thomas,") and Droge called K.B.'s mother, G.J. to report that K.B. had been the victim of inappropriate sexual contact made by another student, R.R. ("the perpetrator"), while K.B. had been left alone with the perpetrator earlier that day.

47. Droge told G.J. that at about 1:30 p.m., when the students were coming back from specials classes to Droge's classroom, K.B. and the perpetrator were left unattended in the hallway. Droge stated that cameras in the hallway of RMS captured video footage showing K.B. standing by his locker when the perpetrator leaned in to kiss K.B. and gyrate on him. The video then showed the perpetrator kissing K.B. on the mouth and leading K.B. down the hallway. The perpetrator, according to Droge, then "humped [K.B.] on the butt" with both boys' pants down.

48. Droge told G.J. that he was not sure if the perpetrator had penetrated K.B.

49. During the phone call, Droge stated that the assault was his fault because he had left the students alone.

50. G.J. later saw the video depicting the assault. The video showed that, while K.B. was in Droge's classroom, a para-educator in the classroom opened the door and allowed K.B. to leave the classroom unattended.

51. On or about November 3, 2023, G.J. took K.B. to Children's Mercy Hospital for a rape kit following the incident. However, a rape kit was not conducted K.B. because his medical team did not want to traumatize K.B. further.

52. The next morning, on November 3, 2023, G.J. went to Defendant School District's office to make a complaint about the sexual assault and harassment K.B. had suffered the previous day. G.J. made the complaint to Special Education Department Director Lawrie ("Lawrie"), while in the presence of other administrators.

53. Lawrie informed G.J. that a police report had already been filed in relation to the incident.

54. As a result of that report, the Wyandotte County District Attorney's office contacted G.J. Upon information and belief, no charges have been filed against the perpetrator.

55. On November 3, 2023, the day following the assault, G.J. chose to keep K.B. home from school and began the process of filing a Title IX grievance as well as transferring K.B.'s school within Defendant School District.

56. On or about November 6, 2023, K.B. was transferred to and began attending another school within Defendant School District, Carl Bruce Middle School.

57. Although G.J. fully complied with the investigation Defendant School District initiated after she filed the complaint, Defendant School District did not issue findings until February 26, 2024, nearly three months after the assault took place.

58. In a letter dated February 26, 2024, Defendant School District issued findings related to G.J.'s complaint of sexual assault/harassment. The letter issued a finding that K.B. suffered sexual harassment at the hands of R.R.

59. Based on information and belief, as well as the February 26, 2024 letter, Defendant School District has policies and procedures in place to prevent and remedy harassment, discrimination and/or violence suffered by all students, and is obligated to take appropriate action to prevent, address, investigate, and remedy such harms.

60. Specifically, the Kansas City, Kansas Public School ("KCKPS") Board policy GAAC states:

> **GAAC** <u>**SEXUAL HARASSMENT**</u> The board of education is committed to providing a positive and productive working and learning environment, free from discrimination on the basis of sex/gender, including sexual harassment. . . . Sexual harassment will not be tolerated in the school

district. Sexual harassment of employees or students of the district in any district education program or activity is strictly prohibited. . . . Complaints of sexual harassment will be promptly investigated and resolved. . . . If discrimination or harassment has occurred, the district will take prompt, remedial action to prevent its reoccurrence.

61. Defendants failed to adhere to the KCKPS Board GAAC "Sexual Harassment" Policy because Defendants failed to provide an educational environment free from sexual harassment for K.B. Further, Defendants failed to promptly investigate G.J.'s complaint of sexual harassment and failed to take prompt, remedial action to prevent its reoccurrence.

62. Similarly, KCKPS Board policies JGEC and AH prohibit sexual harassment of students and states that Defendant School District "will promptly investigate all complaints of sexual harassment and take prompt corrective action to end the harassment." Defendants likewise failed to adhere to policy JGEC and AH because they failed to provide an educational environment free from sexual harassment for K.B. Further, Defendants failed to promptly investigate G.J.'s complaint of sexual harassment and failed to take prompt, remedial action to prevent its reoccurrence.

63. As a result of the sexual assault, K.B. has suffered emotional distress and has sought and obtained mental-health treatment for said emotional distress.

64. Because the school has failed to act in accordance with appropriate safety measures for K.B., considering his disability and the IEP in place for him, K.B. was violated by R.R., another student.

65. Ensuring adequate supervision and a safe, harassment/discriminatory free environment and the protection of students with disabilities was the responsibility of Principal, Helm, Assistant Principal Willaims, Teacher Droge, Officer Thomas and Special Education Department Director Lawrie.

66. There was not an adequate educational plan in effect for K.B. by Defendant School District to keep J.K. safe from harassment, assault, and/or discrimination.

67. Upon information and belief, while K.B. was a student at Defendant School District, and prior to the discrimination and harassment alleged herein, Defendants School District, Helm, Williams, Droge, Thomas and Lawrie were aware of, and had knowledge of K.B.'s vulnerability to harassment/discrimination, and thereafter failed to protect K.B. or enact appropriate safety measures to protect him.

68. Defendants all had a fiduciary duty, to the students in their custody and care, and specifically to K.B., to protect him from assault or other injury while in their custody and care as a student at RMS.

## COUNT I
## Denial of Due Process through Failure
## to Train and Supervise (42 U.S.C. § 1983)
## (Against all Defendants)

69. Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.

70. While a student within the Kansas City Kansas Unified School District 500, K.B. was at a known risk of harassment/discrimination/assault because of his disability.

71. Defendant School District had actual and/or constructive notice of the risk of sexual harassment/assault.

72. Upon information and belief, despite Defendant School District's actual and/or constructive knowledge of an ongoing and grave risk of assault, it failed to properly train and supervise its employees and agents on reporting, investigating, recognizing, and preventing harassment/assault of students, particularly students with disabilities.

73. As a result of Defendant School District's failure to train and supervise its employees and agents, K.B. was deprived of his rights to a free public education, to bodily integrity, to be secure and left alone, and to his right to substantive due process under the Fourteenth Amendment to the United States Constitution.

74. Defendant School District's failure to train and supervise its employees and agents constituted a deliberate indifference to the deprivation of K.B.'s rights to a public education, to personal security, to bodily integrity, to be secure and left alone, and to substantive due process under the Fourteenth Amendment to the United States Constitution.

75. K.B. has suffered physical pain and mental anguish as a direct and proximate result of Defendants' failure to train and supervise its employees and agents.

76. The conduct of the Defendant which caused this damage showed complete indifference to and/or conscious disregard for the health and safety of K.B. and others similarly situated, justifying the imposition of punitive damages.

WHEREFORE, Plaintiff seeks judgment in his favor and against Defendant on Count I of the Complaint, for an award of compensatory damages, for an award of punitive damages against Defendant, for costs expended, for his attorneys' fees, and for such equitable and further relief as this Court deems just and proper.

## COUNT II
**Denial of Substantive Due Process through Policy, Custom and Practice
of Failing to Respond to or Prevent Discrimination and Harassment
(42 U.S.C. § 1983)
(Against all Defendants)**

77. Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.

78. Defendant School District, by and through its employees and agents who were acting within the course and scope of their employment with Defendant School District, were acting under the color of Kansas state law, and deprived K.B. of the civil and constitutional rights alleged herein.

79. While a student within the Kansas City Kansas Unified School District 500, K.B. was at a known risk of harassment/discrimination/assault because of his disability.

80. Upon information and belief, defendant School District had actual and/or constructive notice of the risk of assault, and before K.B. was sexually harassed/assaulted by another student.

81. Upon information and belief, Defendant School District has policies in place designed to prohibit sexual harassment, discrimination, and/or assault. However, Defendant School District failed to follow such policies and failed to effectively prohibit and prevent the sexual harassment/assault of K.B.

82. By rejecting and refusing to follow its official policy and refusing to intervene to prevent or stop unconstitutional misconduct toward K.B., the School District encouraged and participated in that conduct and demonstrated a deliberate indifference to and/or tacit approval of the offensive acts.

83. By refusing to intervene to prevent the risk of harassment/discrimination/assault toward K.B. and refusing to respond to or prevent discrimination or harassment, the School District chose to engage in an official policy of inaction.

84. The School District's custom and practice of inaction was a moving force and direct link to the assault of K.B.

85. The School District was aware of the risk of harassment/discrimination/assault, had the ability to control the situation and instead chose to do nothing to prevent it.

86. K.B. has suffered physical pain and mental anguish as a direct and proximate result of Defendants' actions.

87. Defendant's conduct which caused this damage showed complete indifference to and/or conscious disregard for the health and safety of K.B. and others similarly situated, justifying the imposition of punitive damages.

WHEREFORE, Plaintiff seeks judgment in his favor and against Defendant on Count II of the Complaint, for an award of compensatory damages, for an award of punitive damages against Defendant, for costs expended, for his attorneys' fees and for such other equitable and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL AND DESIGNATION OF PLACE OF TRIAL**

Plaintiff hereby demands a jury trial on all issues in his Complaint for Damages so triable, and Plaintiff designates the United States District Court for the District of Kansas at Kansas City, Kansas as the place of trial.

HOLMAN SCHIAVONE, LLC

By: */s/ Anne Schiavone*
    Anne Schiavone, KS Bar #19669
    Kathleen E. Mannion, KS Bar #25362
    4600 Madison Avenue, Suite 810
    Kansas City, Missouri 64112
    Telephone: 816.283.8738
    Facsimile: 816.283.8739
    Email: aschiavone@hslawllc.com
    Email: kmannion@hslawllc.com

ATTORNEYS FOR PLAINTIFF