IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| G.J., as mother and next friend of K.B., a minor,<br><br>Plaintiff,<br><br>v.<br><br>**KANSAS CITY KANSAS UNIFIED SCHOOL DISTRICT NO. 500, et al.,**<br><br>Defendants. | Case No. 2:25-cv-02613-HLT-TJJ |

**ORDER**

Plaintiff G.J. sues Defendant Kansas City Kansas Unified School District No. 500 and a district employee on behalf of her minor child K.B. She alleges that her child was subjected to unwelcome harassment/assault by another student while the students were left alone. Plaintiff moves to file her complaint under pseudonym.[1] Doc. 3. Defendants are aware of Plaintiff's identity and do not oppose. The Court grants the motion.

Litigation in federal court is ordinarily a public affair. Federal courtrooms are public. Their proceedings are public. And the public has a general right to inspect and copy public records. *GEICO Gen. Ins. Co. v. M.O.*, 2021 WL 4476783, at *6 (D. Kan. 2021) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). This includes judicial records and documents. *Id.* The public also generally has a right to the identities of federal litigants. *Id*. Litigation, even between private persons, implicates "the public's interest in enforcing legal and social norms." *Id*. (citation and internal quotation marks omitted). Litigation conducted openly also vindicates litigants' and

---

[1] Plaintiff also asks that her minor child be allowed to proceed under pseudonym. No permission is necessary for her child. Fed. R. Civ. P. 5.2.

the public's interests in fairness and justice. It allows for public scrutiny of the judicial process. This deters corruption and can operate as a check against perceptions of bias.[2] But this public check on the integrity of the judicial process is less effective if the public does not know who the litigants are.

The general rule that federal litigants resolve their disputes publicly and with their identities open to the public is not a hard-and-fast one. There are exceptions. These exceptions arise "when the requesting party demonstrates that the need for anonymity outweighs the presumption in favor of open court proceedings." *S.E.S. v. Galena Unified Sch. Dist. No. 499*, 2018 WL 3389878, at *2 (D. Kan. 2018). Courts may make exceptions in cases involving (1) "matters of a highly sensitive and personal nature," (2) "real danger of physical harm," or (3) "where the disclosure would cause the party to sustain the injury that the litigation seeks to avert." *Id*. (citing *Raiser v. Church of Jesus Christ of Latter-Day Saints*, 182 F. App'x 810, 811 (10th Cir. 2006)).

The first exception applies here. Courts have found that complaints involving minor litigants are "matters of a highly sensitive and personal nature." *Id*. The nominal Plaintiff in this matter is the minor child's parent, who enjoys "more limited privacy interests." *Id*. But she nevertheless "share[s] common privacy interests [with her child] based on their inseparable relationship to one another." *Id*. Thus, "[o]rdering disclosure of [Plaintiff's] identit[y] would place—in effect—personally identifiable and confidential information" about her minor child "in the public record." *Id*. The possibility of embarrassment and the public disclosure of highly personal information about Plaintiff's child is very real.

---

[2] This check seems particularly important because Article III judges serve life terms and can be removed only through impeachment. Unlike Congress and the President, Article III federal judges are not elected or re-elected.

Plaintiff has demonstrated that hers is "an exceptional case where the need for anonymity outweighs the public interest in having access to" her identity. *See id*. at *3. The case involves allegations of sex-based harassment/assault at school by another student. It is of a highly sensitive and personal nature. Moreover, Defendants will not be prejudiced by permitting Plaintiff to proceed anonymously.

The Court grants Plaintiff's motion to proceed by and file her complaint under pseudonym.

THE COURT THEREFORE ORDERS that Plaintiff's motion to file her complaint and proceed under pseudonym (Doc. 3) is GRANTED.

IT IS SO ORDERED.

Dated: February 17, 2026				/s/ *Holly L. Teeter*
						HOLLY L. TEETER
						UNITED STATES DISTRICT JUDGE